UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY HUCKABEE, | No. 21-cv-2223 KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| HOWARD E. MOSELEY, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's amended complaint is now before the court. As set forth below, plaintiff's amended complaint is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

////

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Discussion

Plaintiff again fails to state a cognizable civil rights claim. In the court's initial screening order, plaintiff was advised that he cannot state a cognizable due process claim based on the denial of administrative grievances. (ECF No. 6 at 3.) In his amended complaint, plaintiff names only individuals involved in addressing his administrative appeals challenging the disciplinary action taken when a sharpened plastic spoon was found in the mattress plaintiff's cellmate was using. While it is clear that plaintiff disagrees with the responses such defendants provided in addressing plaintiff's administrative appeals, the denial of an administrative appeal does not in and of itself rise to the level of a constitutional violation. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure"); and Ramirez v. Galaza, 334 F.3d 850 (9th Cir. 2003) (same). Plaintiff's claims that defendants wrongly denied his administrative appeals fail to state a potentially colorable due process claim.

Id. at 860 (plaintiff has no claim for the "loss of a liberty interest in the process of his appeals . . . because inmates lack a separate constitutional entitlement to a specific prison grievance procedure.")  Plaintiff cannot amend his pleading to state a cognizable due process claim based on such allegations.

Plaintiff also alleges violation of his Eighth Amendment rights based on the alleged overincarceration resulting from the loss of 360 days of credit (ECF No. 9 at 17).  Such claim fails in connection with the named defendants because there are no facts connecting such defendants to the imposition of such credit loss or to any due process violation occurring during the hearing on the prison disciplinary.[1]  Plaintiff does not identify any particular due process violation that occurred during the prison disciplinary hearing and did not name as a defendant any individual involved in such hearing.

Conclusion

For the reasons stated above, plaintiff's amended complaint fails to state a cognizable civil rights claim against the named defendants.  Despite being provided with the relevant pleading and legal standards, plaintiff has been unable to cure the deficiencies of his complaint by amendment, and it would be futile to grant further leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).  Therefore, this action should be dismissed without leave to further amend.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that this action be dismissed without leave to amend for failure to state a cognizable civil rights claim.

---

[1] Plaintiff confirms that he is presently seeking habeas relief in connection with his challenge to the prison disciplinary.  A civil rights action to seek monetary damages for an allegedly unlawful disciplinary action where success would necessarily implicate the fact or duration of his confinement is not cognizable under § 1983 unless and until plaintiff can show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Plaintiff does not allege that the prison disciplinary has been invalidated.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 12, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/huck2223.56